# Riegert *v.* Lebanon City School District, Appellant.

*- Contracts—Construction of contracts—Excavation of stone.*

A contract for the excavation of a site for a high school which provided that the excavating contractor "shall also cart away all stone that are not fit to be used in the future operations by the general contractor," and that the excavating contractor should "remove unfit stone from or deposit it on the site directed if fit to be used," applies to the particular building contemplated in the contract; and entitles the excavating contractor to all stone not to be used in the construction of the building.

*Building contracts—Interpretation of—Decision of architect.*

Where the architect, in his capacity as superintendent, has simply restated the terms of the contract, he cannot be said to have interpreted it, and his judgment is not conclusive.

Submitted Oct. 28, 1918. Appeal, No. 44, Oct. T., 1918, by defendant, from judgment of C. P. Lebanon County, Dec. T., 1916, No. 67, on verdict for plaintiff in case of L. Raymond Riegert, Trustee in bankruptcy of Harry Buffamoyer, *v.* School District of City of Lebanon. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass for damages for value of stone excavated by plaintiff. Before HENRY, P. J.

From the record it appeared that the defendant contracted with the plaintiff to excavate the ground for foundations for a high school. The contract provided that the plaintiff should "cart away all stone that are not fit to be used in the future operations by the general contractor." During the course of operation a ledge of rock was encountered which yielded a large quantity of stone, of which the general contractor, acting for defendant, sold certain quantities to other parties.

L. Raymond Riegert, trustee in bankruptcy of Harry Buffamoyer, the original plaintiff, thereupon brought suit for the balance of the stone not used in the construction of the building. The court construed the contract and specifications as reserving to the Lebanon City School District only such stone as was fit and necessary to be used in the construction of the building proper, and left it to the jury to determine what amount of stone were fit and necessary to be used.

The jury returned the verdict in favor of the plaintiff for the value of the entire number of perches of stone claimed, viz: $1,645.80. On motion for a new trial and for judgment n. o. v. the court overruled the motions but ordered the plaintiff to file a stipulation reducing the amount of the verdict $300, representing the value of the stone, which was yet required to finish the building.

The plaintiff filed the stipulation as directed whereupon judgment was entered in favor of the plaintiff for $1,345.80. Defendant appealed.

*Error assigned,* among others, was the refusal of defendant's motion for judgment n. o. v.

*Ralph H. Behney* and *Walter C. Graeff,* for appellant. —The architect made a decision which was binding under the terms of the contract: Barclay v. Deckerhoof, 171 Pa. 378; Hartupee v. City of Pittsburgh, 97 Pa. 107; Hostetter v. City of Reading, 107 Pa. 419; Brown

v. Decker, 142 Pa. 640; Chandley Brothers & Co. v. Cambridge Springs Boro., 200 Pa. 230.

*E. D. Siegrist*, for appellee, cited: Western Insurance Company v. Cropper et al., 32 Pa. 351; Fisher v. Williamsport, 1 Pa. Superior Ct. 386; Koch v. Kuhns, 6 Pa. Superior Ct. 186; Chandley Bros. & Co. v. Cambridge Springs Boro., 200 Pa. 230.

OPINION BY TREXLER, J., March 3, 1919:

The plaintiff entered into a contract to do all the excavating for the erection of a high school building in the City of Lebanon. The contract provided that the excavating contractor "shall also cart away all stone that are not fit to be used in the future operations by the general contractor. No allowance will be made to the excavating contractor for good, old or quarried stone left on the premises"......"Should a solid ledge, boulder or loose stone be encountered in making excavations, the excavating contractor is to excavate the same by blasting or other process, and is to remove unfit stone from or deposit it on the site directed if fit to be used." The question is, did the above words reserve to the school board such stone as were fit and necessary for use in the school building, or was the word "fit" intended to describe the quality of the stone irrespective of the fact whether such stones were actually required in the erection of the building, or to express it differently, were stones suitable for any building to be the property of the school board, or was it the intention that only such stones as were to be used in the school building were to belong to the board? The court took the view that the object of the school district was to reserve such stone as it could actually use in the building about to be erected. This we think was correct. "The future operations" of the general contractor referred to were not all future operations, but such as he would be engaged in under the contract. The erection of a school building was the

subject of the agreement of the parties.  The school board could not know to what extent stone would be found in the material excavated but it took the precaution of providing that such stones as were found which could be used by it, should be its property.

Having construed the contract in this manner the court left to the jury the ascertainment of the value of the stone which was not required for the building and consequently, belonged to the excavating contractor, and which the school board had appropriated and sold. The jury apparently lost sight of the fact that some of the stones could still be used for the building as it was not yet completed at the time of the trial and after verdict the trial judge reduced the sum found by the jury so as to accord with the sum shown by the testimony submitted by the defendant.

There is a provision that the construction placed on the contract by the architect should be final.  The language of the contract is, "his decision as to the true construction and meaning of the drawings and specifications shall be final."  We agree with the trial judge that there has been no decision in the matter by the architect.  It is true that he stated that all the stone that were fit should be left on the premises but as the court said that was merely restating the language of the contract without any attempt at interpreting its meaning.

Exception is taken to the admission of testimony showing that there was a change in the specifications and that by such change more stone was required for the completion of the building than under the items contained in the contract.  The error charged is that at the time the contract was made the general specifications were not in the hands of the excavating contractor and that he had no means of knowing what quantity of stone would be required in the future operations of the general contractor.  We see no merit in this objection.  Whether the excavating contractor knew or did not know the amount of stone required for the whole building nevertheless, the

building as designed at the time the contract was made was the one concerning which the agreement of the parties had to do. If we are correct in adopting the construction that the future operations referred to in the contract, was the erection of the high school building, certainly these words had reference to the building in contemplation at the time the contract was made.

Judgment affirmed.